## Tag Fasteners and Tiers.

*Commercial feeding stuffs—Penal statutes—Metal fasteners for tags—Tiers for bags—Food law—Acts of May 3, 1909, and May 11, 1921.*

1. A penal statute must be construed strictly and should not be extended beyond the evident intention of the legislature as expressed on its face.

2. The provision of the Act of May 3, 1909, P. L. 395, as amended by the Act of May 11, 1921, P. L. 490, prohibiting the "use of metal fasteners in fastening or attaching tags or cards to packages of feeding stuffs," does not apply to tiers used to close or fasten a bag or package.

Department of Justice. Opinion to Hon. F. P. Willits, Secretary of Agriculture.

BROWN, Dep. Att'y-Gen., July 5, 1923.—Your inquiry as to whether or not tiers manufactured by the Bates Valve Bag Company come under the provisions of section 3 of the Act of May 3, 1909, P. L. 395, as amended by the Act of May 11, 1921, P. L. 490, has been received by this department.

Section 3 of the act provides, *inter alia*, as follows: "The use of any or all metal fasteners for fastening or attaching tags or cards to packages of feeding stuffs is hereby prohibited."

Section 6 of the act makes it a misdemeanor to violate any of the provisions of the act, and provides penalties for any violations thereof.

The only thing forbidden by the section of the act above quoted is "the use of metal fasteners in fastening or attaching tags or cards to packages of feeding stuffs." This does not include tiers used to close or fasten a bag or package, and the question is, can the language of the act, by any construction, be made to include such tiers?

When penalties were provided for the violation of any of the provisions of the act, it was made a penal statute, and is, therefore, to be strictly construed.

"A penal statute must be construed strictly, and should not be extended beyond the evident intention of the legislature as expressed on its face:" Bucher v. Com., 103 Pa. 528.

When a statute is plain, and, according to any meaning, broad or narrow, which may be ascribed to the language, does not apply to a certain case, it is not permissible to add or omit words in order to make it so apply, even though

4 D. & C.

Tag Fasteners and Tiers.

it may be clear that the case is as fully within the mischief to be remedied as the cases provided for. This would be not to construe, but to amend, the law, which is within the exclusive province of the legislature: Com. v. Gouger, 21 Pa. Superior Ct. 217.

If a case is fully within the mischief to be remedied, and is even within the same class and within the same reason as other cases enumerated, still, if such case is not within the words of the act, construction will not be permitted to bring it within the statute: Bishop on Statutory Crimes, § 220.

In dealing with a penal statute, it cannot by implication be extended beyond its precise meaning, and applying the well settled principles to the case in hand, we find the act, in the part above 'set forth, relates only to metal fasteners used in fastening or attaching tags or cards to packages, and by no construction can it be made to refer to anything else. When an act has been construed, there will often remain cases within the mischief to be remedied, and possibly within the general intent of the legislature as disclosed by the act, and yet not provided for therein. In such case, the legislature alone can cure the defect.

I am, therefore, of the opinion that the Act of May 3, 1909, as amended, not having specifically forbidden the use of metal tiers to close or fasten a bag or package, such articles do not come under the provisions of the act, and you cannot stop the use of them.

From C. P. Addams, Harrisburg, Pa.